## FLEMING *v.* BISHOP.

[No. 13,352. Filed January 15, 1930. Rehearing denied April 2, 1930. Transfer denied May 16, 1933.]

*Emil V. Anderson* and *William E. Wider,* for appellant.

*Raymer & Olds,* for appellee.

REMY, C. J.—Bishop contracted with Fleming, a real estate broker, to sell certain land. The contract was in form of a letter addressed to Fleming, signed by Bishop; the part material here is as follows: "I own and hereby place in your hands for sale or exchange the following real estate: . . ., at the price of $3,900, upon the following terms: Not less than $800 down; balance on or before three years at seven per cent. And in consideration of your accepting said property for sale or exchange, and undertaking to dispose of the same, I hereby agree as follows: You shall have the exclusive right to sell or exchange this property for a period of three months from date, and thereafter until twenty days written notice of withdrawal. If you find a buyer at said price, or any price I agree to take, or if you find an exchange which I accept, or if the same or any part thereof is sold or exchanged during the term of this contract, or if within six months after the termination thereof a sale of this property is made to any person whom you may have been instrumental in interesting in the purchase thereof prior to said termination, I agree to pay you a commission of five per cent. of the price for which the said property shall be sold, or of the above listed price if exchanged. . . . Said commission shall be due . . . when first consideration is received, deposited in escrow or otherwise secured, upon my failure to comply with the terms and conditions of this authority to sell, or to comply with the terms and conditions of any contract or agreement which you may enter into for the sale or exchange of said property."

While the contract was in force, Bishop, unassisted by Fleming, negotiated a sale of the land, and Fleming,

claiming that under the contract he was entitled to commission, began this action. The complaint is based upon the contract, the terms of which, including description of the real estate, are set forth, and the instrument is made a part of the complaint by exhibit. It is then averred, that within three months following the execution of the contract Bishop "sold the above described real property to certain person or persons the names of whom are unknown to this plaintiff; that by the terms of said contract between plaintiff and defendant, plaintiff is entitled to the full five per cent. on the sum of $3,900, or a total of $195," for which sum judgment is demanded. There is no allegation as to the price for which the land was sold.

A demurrer to the complaint for want of sufficient facts was sustained by the court, and, upon refusal of Fleming to plead further, judgment was rendered against him, from which this appeal is prosecuted.

Action of the court in sustaining demurrer is assigned as error.

One of the objections urged against the complaint is that it contains no allegation as to the price for which the land was sold.

It is to be observed that the contract provides for a commission of five per cent. on $3,900, if the land should be exchanged, and a commission of five per cent. on the sale price if the land should be sold. There is no contention that an exchange was effected; the averment of the complaint is that the land was sold, and that under the contract Fleming is entitled to five per cent. on $3,900. There is, however, no allegation as to the price for which the sale was negotiated, a fact which was essential, for on a trial of the cause there could be no recovery, unless the fact as to the sale price should be established by the evidence,—there would be no basis for making calculation of the amount due. In other

words, with the complaint as drawn, interpreted by the contract as it must be, there could be no recovery if every fact pleaded therein was established by the evidence. It necessarily follows, that the complaint is insufficient, and that the court did not err in sustaining the demurrer.

It will be unnecessary to consider other matters discussed in appellant's brief.

Affirmed.